# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARKITA GIBBONS,

Plaintiff,

v. Case No.: 6:26-cv-02026-AGM-LHP

LAURA E. ROTH, AND MARK WEINBERG,

Defendants.

---

## ORDER

Before the Court is Plaintiff's Motion to Seal Financial Information. Doc. No. 14. Plaintiff, proceeding *pro se*, has attached to the motion her renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"), which Plaintiff has filed under seal. Doc. No. 14-1. Plaintiff seeks to maintain this Application under seal to protect the disclosure of her "sensitive financial information." Doc. No. 14.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v.*

*Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).[1] "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)).

On review, Plaintiff's motion does not include a memorandum of legal authority supporting her entitlement to the requested relief, as required by Local Rules 1.11(b)(4) and 3.01(b). Plaintiff has also otherwise failed to establish why filing her Application under seal is necessary, particularly where Plaintiff filed her first motion to proceed *in forma pauperis*, which contains similar financial information, on the public docket, where it remains to date (Doc. No. 2). *See* Local

[1] "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted). Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

Rule 1.11(b)(3)(B). *See also Keating v. Collier Cnty., Fla.*, No. 2:25-cv-598-JES-KCD, 2025 WL 2581785 (M.D. Fla. Aug. 14, 2025) (denying motion to file under seal motion to proceed *in forma pauperis* where plaintiff alleged sealing was necessary to protect personal and financial information because such "generalized assertions" failed to overcome the presumption of public access and comply with Local Rule 1.11's requirements); *Lago v. Fla.*, No. 8:25-cv-1954-WFJ-AAS, 2025 WL 2208329, at *2 (M.D. Fla. Aug. 4, 2025) (similar); *Wimberly v. Experian Info. Sols.*, No. 1:18-CV-06058-MKV, 2021 WL 1146277, at *1 (S.D.N.Y. Mar. 24, 2021) ("[G]eneral concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access."). The Court further notes that Plaintiff's motion (Doc. No. 14) fails to comply with the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. *See* Doc. No. 11.

Accordingly, Plaintiff's motion (Doc. No. 14) is **DENIED.** The Clerk is **DIRECTED** to unseal Plaintiff's motion and to file the Application (Doc. No. 14-1) on the public docket as a pending motion.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties